IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## RICKY THOMAS HUGHES v. ROLAND OLSON, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 08C-51     Thomas W. Brothers, Judge**

_____

**No. M2008-00931-CCA-R3-HC - Filed August 13, 2008**
_____

The Petitioner, Ricky Thomas Hughes, appeals the dismissal of his habeas corpus petition. On appeal, he alleges that his sentence is void because the trial court failed to comply with the Sixth Amendment to the United States Constitution and cases interpreting that provision. After a thorough review of the issues and applicable law, we affirm the judgment of the habeas court pursuant to Rule 20 of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Ricky Thomas Hughes, pro se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General; Rachel West Harmon, Assistant Attorney General, for the appellee; State of Tennessee.

**MEMORANDUM OPINION**

On May 12, 1999, a Davidson County jury convicted the Petitioner of facilitation of first degree premeditated murder, facilitation of first degree felony murder and especially aggravated robbery. The trial court held a sentencing hearing and determined that the Petitioner should serve twenty five years, the top of the range, on his murder conviction[1] and twenty five years, also the top of the range, for his especially aggravated robbery conviction. Further, the court ordered the sentences to run consecutively for a total sentence of fifty years. This Court affirmed those judgments on direct appeal. *State v. Ricky T. Hughes*, No. M2000-01846-CCA-R3-CD, 2002 WL 1033340, at *1-4 (Tenn. Crim. App., at Nashville, May 21, 2002), *perm. app. denied* (Tenn. Nov.

---

[1]The two facilitation counts were presumably merged.

12, 2002).

Soon thereafter, the Petitioner filed a petition for post-conviction relief, asserting that he failed to receive the effective assistance of counsel and that his sentence was in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). In addressing his sentencing claim, this Court concluded that the claim was not properly preserved, and, even if it had been, the claim lacked merit because *State v. Gomez* ("*Gomez I*"), 163 S.W.3d 632 (Tenn. 2005), overruled by *State v. Gomez* ("*Gomez II*"), 239 S.W.3d 733, 740-41 (Tenn. 2007), concluded *Blakely* did not impact Tennessee's sentencing scheme. *Ricky Thomas Hughes, II v. State*, No. M2004-01273-CCA-R3-PC, 2005 WL 1378773, at *5 (Tenn. Crim. App., at Nashville, June 9, 2005), *perm. app. denied* (Tenn. Dec. 12, 2005).

After the Tennessee Supreme Court denied review of his post-conviction petition, the Petitioner filed this habeas corpus petition. On appeal, his only contention is that, pursuant to *Blakely* and *Gomez II*, the trial court erred in enhancing his sentence and ordering his sentences run consecutively.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

Initially, the State responds that the Petitioner has failed to scrupulously follow the procedural requirements; to wit, he has failed to attach a copy of the judgments upon which he is currently being restrained. *See* T.C.A. § 29-21-107(b)(2) (2006). The Petitioner responds that he had met the procedural requirements. Upon our review of the record, we, like the State, cannot locate the Petitioner's judgments. This alone is grounds for dismissal under *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). Despite this risk of dismissal, we will address the Petitioner's claims on the merits.

The Petitioner's claims are grounded in the fact that the sentencing scheme upon which he was sentenced has since been found to be unconstitutional. *See Gomez II*, 239 S.W.3d at 740-41. This Court has held, however, that *Blakely* does not apply retroactively to cases on collateral appeal. *See Richard C. Anderson v. Howard Carlton*, No. E2007-01465-CCA-R3-HC, 2008 WL 110084, at *2 (Tenn. Crim. App., at Nashville, Jan. 11, 2008), *no Tenn. R. App. P. 11 application filed*. Furthermore, these decisions relate to constitutional violations that would merely render a judgment voidable, not void. *Donovan Davis v. State*, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093, (Tenn. Crim. App., at Nashville, Aug. 15, 2007), *perm. app. denied* (Tenn. Nov. 13, 2007). Finally, the Tennessee Supreme Court has recently held that Tennessee's procedures regarding the imposition of consecutive sentences are not in violation of the Sixth Amendment. *State v. Allen*, — S.W.3d —, 2008 WL 2497001, at *18 (Tenn. 2008). The Petitioner is not entitled to relief on these issues.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

3